Porter, J.
This case has been so fully gone into, by judge Martin, that I deem it sufficient to state that I concur fully with the opinion drawn up by him.
Martin, J.
The defendants in this case contend, that the hoop-poles were properly *622 attached for the vendor’s debt, because they had not yet begun to be the vendee’s property, notwithstanding they were sold and delivered to him, and he had partly paid for them; having been sold by tale, and not having been all counted, before the seizure, if any part of them was; for our statute provides, that such a sale is not perfect, inasmuch as the things sold are at the risk of the seller, till they be counted, Civ. Code, 346, art. 6. And it is hence held, that according to the general principle res perit domino suo, as the risk was for the vendor, he was the owner of the poles.
The principle is a general, but not an universal one. It is of the nature, not of the essence of the contract of sale. As soon as the sale is perfected by the assent of the parties, the vendee becomes as to the vendor, the owner of the thing; the latter cannot sell or abuse, nay neglect to have a certain degree of care of it, without becoming liable to the former. If he be discharged of the obligation of delivering it by its destruction without his fault, it is, because an obligation to give a thing is dissolved by the destruction of it. As to third persons, the property of the thing *623 sold does not pass to the vendee till after delivery.
Nothing prevents the parties to agree, that the thing sold shall remain at the vendor’s risk till, or even some time after the delivery. And this convention has not any other effect on the contract of sale, than to charge the vendor with the risk; it does not impair the vendee’s right, it is merely for his advantage.
If it be agreed, that the thing sold be at the vendor’s risk till delivery, the vendee is not less the owner of the thing, as to the vendor, who can no more sell or abuse the thing, without being liable to damages.
If in the sale of a slave, sick, or convalescent, it be agreed, that till his perfect recovery, he shall remain at the risk of the vendor after delivery, till he be perfectly recovered or during a fixed time, this circumstance, introduced for the benefit of the vendee, does not impair his rights. He is, in the meanwhile, the absolute proprietor, although the slave be not at his risk, but at that of the vendor, whose creditors would, in vain, attempt to make the slave liable to their claims.
The liability of the vendor, in the case just *624 put, is introduced by the agreement of the parties. It is so, by the law, in cases of sales by tale. The consequences of it cannot, we apprehend, differ in either hypothesis.
The principle res perit domino suo applies between the owner and possessor; the object of it is, that the former, not the latter, bear the loss of the destruction of the thing perishing without the fault of the latter.
I conclude, that the hoop-poles were, in the present case, the property of the plaintiff, the vendee, when they were attached.
If the property of A. be seized, on a writ commanding the seizure of that of B., there cannot be any doubt of the right of A. instantly to sue the officer at once, with the party authorising the seizure as trespassers. He is not bound to interfere in the suit in which the seizure is made.
I think the judgment of this court ought to be, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiff recover from the defendant, the sum of $625, with costs in both courts.